UNITED STATES DISTRICT COURT FOR

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PMG HOLDING SRL | CIVIL ACTION |
| *Plaintiff* | NO. 2:23-cv-00623 |
| VERSUS | **ADMIRALTY** |
| | SECTION " " |
| M/V ARGOS M, her engines, machinery, boilers, tackle, etc., *in rem* | |
| | MAG. ( ) |
| *Defendants* | |

### *EX PARTE* MOTION TO DEPUTIZE BOB TONEY, BILL O'DELL and ALAN SWIMMER of NATIONAL MARITIME SERVICES, INC. TO EXECUTE AND SERVE VESSEL ARREST WARRANT

NOW COMES plaintiff, PMG Holdings SRL, through undersigned counsel, and respectfully moves the Court for an order deputizing National Maritime Services, Inc. for the limited purposes of executing and serving a vessel arrest warrant on the M/V ARGOS M while she is calling in the Port of New Orleans.

1.

On February 17, 2023, PMG Hold SRL filed the above captioned action seeking the arrest of the M/V ARGOS M to recover unpaid invoices for the supply of marine fuel oil to the vessel by plaintiff.  It is anticipated that an arrest warrant for the vessel will be issued.

2.

Prior to filing this action, undersigned counsel conferred with the U.S. Marshal's office who advised that considering the vessel's arrival schedule and delays facing the U.S. Marshal's office as a result of the COVID-19 pandemic, the U.S. Marshal is unable to execute and serve the

arrest warrant issued by this Court concerning the M/V ARGOS within the itinerary of the vessel's New Orleans port call.

3.

Because a failure to promptly arrest a vessel "prejudices [the] substantive rights of the parties" in light of the mobile nature of vessels, *Jensenius v. Texaco, Inc., Marine Dep't*, 639 F.2d 1342, 1343 (5th Cir. 1981), vessels are usually seized almost contemporaneously with the issuance of the warrants of arrest.  Any delay in executing the Warrant presents a prejudicial risk to Plaintiff due to (1) the fear of the Vessel leaving the jurisdiction of this Court, 92) the financial position of the vessel's owner, and (3) the threat of seizure of the Vessel by another party.

4.

To ensure timely service of this Court's order and warrant of vessel arrest, plaintiff respectfully requests that the Court deputize Bob Toney, Bill O'Dell and Alan Swimmer of National Maritime Services, Inc., 1915 SW 21st Avenue, Fort Lauderdale, Florida, to execute and serve the vessel arrest issued herein.

5.

It is respectfully submitted that National Maritime Services, Inc. as well as Bill O'Dell and Alan Swimmer although based in Fort Lauderdale, Florida, are nationally recognized in the marine industry and have extensive nationwide experience executing vessel arrests and providing custodial vessel services post-assert including within the Port of New Orleans.    In the event that this Court grants this Motion, Mr. Toney, Mr. O'Dell and/or Mr. Swimmer will serve the Verified Complaint, Order for Issuance of Warrant of Arrest, the Warrant issued by this Court, and the Summons for the Vessel on any occupant of the Vessel, or alternatively, post it in a conspicuous

place on the Vessel, in accordance with this Court's orders and any applicable rules, and will file proof of service promptly.

6.

This Court has the inherent authority to deputize an individual to serve a warrant for the arrest of a vessel when the U.S. Marshal is unable to do so in a timely manner.  On February 16, 2023, the Court deputized National Maritime Services, Inc. to execute and serve vessel arrest orders and paper on the M/V ARGOSM in Civil Action 23-cv-595 entitled *Three Fifty Markets Ltd v. M/V ARGOS M, her engines, tackle, equipment, appurtenances, etc. in rem*.  In addition, the Court previously appointed National Maritime Services, Inc. as a special process server for purposes of effecting a vessel arrest.  *See*, *Cox Operating, LLC v. M/V ATINA*, 2:20-cv-02845 (E.D. LA., October 19, 2020).  Further, other courts have also deputized an individual to serve vessel arrest warrants.  *Dry Bulk Singapore Pte Ltd. v. Amis Integrity S.A.*, 3:19-cv-01671-BR (D. Or. Oct. 17, 2019); *Chemoil Corporation v. M/V DARYA VISHNU*, 2014 A.M.C. 371, 2013 WL 6328829 *4 (W.D. Wash. Dec. 5, 2013) (rejecting vessel owner's argument that appointment of individual to serve warrant of arrest was wrongful); *Trans-Tec Services, Inc. v. M/V CELESTINA*, 3:13-cv-5494 (D. Md. Oct. 11, 2013); *ATS International Services, Inc. v. Kousa International, LLC*, Civil Action No. RDB 12-2525 (D. Md. Aug 23, 2012); *Williamette Production Cred Ass'n v. Kenneth E. Staffenson*, 1984 WL 1793 *1 (D. Or. 1984).

7.

It is also respectfully submitted that contemporaneous with the filing of the Verified Complaint referred above and this motion, plaintiff is also filing a motion to appoint National Maritime Services, Inc. as the substitute custodian in place of the U.S. Marshal with respect to the M/V ARGOS M.

Wherefore, plaintiff prays that this motion be granted.

Respectfully submitted,

BROOKS GELPI HAASÉ, L.L.C.

*/s/ Philip S. Brooks, Jr.*

_____

PHILIP S. BROOKS, JR., T.A. (LA #21501)
RONALD J. KITTO (LA #28638)
909 Poydras Street, Suite 2325
New Orleans, LA 70112
Telephone:    (504) 224-6723
Facsimile:    (504) 534-3170
E-mail:        pbrooks@brooksgelpi.com
               rkitto@brooksgelpi.com

*Attorneys for Plaintiff, PMG Holding SRL*